JAMES *v.* FORD MOTOR CO.

1. Master and Servant—Workmen's Compensation Act—Day in Court.

In proceedings under workmen's compensation act, defendant's claim that it had been deprived of its day in court, *held,* not sustained by record.

2. Same—Additional Testimony—Rules.

Where defendant failed to attend hearing before full board, on appeal from order of deputy commissioner, there was no error in denying its motion to be permitted to present additional testimony, which it was dilatory in presenting, and which did not conform to Rule No. 16 of department.

Appeal from Department of Labor and Industry. Submitted April 7, 1932. (Docket No. 41, Calendar No. 36,278.) Decided June 6, 1932.

Horace James presented his claim against Ford Motor Company for an accidental injury received while in its employ. Award of compensation to plaintiff. Defendant appeals. Affirmed.

*Derham & Derham,* for plaintiff.

*E. C. Starkey,* for defendant.

NORTH, J. Plaintiff's application for compensation was heard before a deputy commissioner on March 19, 1931, and denied by the deputy's order May 19th following. Plaintiff appealed to the full board, and in an opinion dated October 30, 1931, the decision of the deputy was reversed, and plaintiff awarded compensation. After the hearing before the full board, but before decision, defendant filed a motion by which it sought "to be allowed to submit testimony as defense to plaintiff's claim and in rebuttal of plaintiff's testimony." The commissioners denied defendant's motion and disposed of the case on the testimony taken before the deputy. Defendant has appealed, claiming that denial of its motion to take additional testimony was erroneous and resulted in defendant not having its day in court.

Defendant claims when plaintiff had completed his proofs before the deputy and made an announcement he would rest, the reporter taking the testimony erroneously entered in the minutes a statement that defendant also announced it would rest: that taking proofs by defendant was deferred for

the convenience of parties concerned in the next case the deputy commissioner was to hear; but it was understood defendant would be permitted to submit its proofs at an adjourned hearing. There were two or three communications with the deputy commissioner which defendant claims had to do with fixing the date of such adjourned hearing. Instead of having a further hearing, the deputy commissioner, upon consideration of the record, came to the conclusion that plaintiff had not established a right to compensation and decided the case adversely to him. It was from this decision appeal was taken; and defendant stresses the claim that, in view of the circumstances, it has never had its day in court. Plaintiff, however, denies there is any error in the record wherein it is recorded that at the close of plaintiff's proofs the defendant also announced it would rest its case.

Defendant did not attend the hearing before the full board held October 14, 1931, but seems to have been given permission to subsequently file a motion to take further testimony. Such a motion was filed October 17, 1931. The board considered this motion and found that it did not comply with the rules of the department. This finding refers to departmental rule No. 16 in which it is expressly provided the application "shall show that the testimony sought to be taken is material, not cumulative of testimony already taken," and shall include the names and addresses of the witnesses whose testimony is desired to be taken. Clearly defendant's motion or application to take further testimony did not comply with this rule. As to the claim of a misunderstanding which resulted in defendant's failure to present testimony before the deputy commissioner, the opinion of the board recites:

"As to how there can be any misunderstanding on the part of the deputy commissioner in view of the plain statement upon the record is certainly not apparent. Defendant rested his case by the statement, 'We will rest in this case, your honor.' We do not believe that such language is capable of being misunderstood."

We might add that defendant's motion was decidedly dilatory. Plaintiff's claim of review before the full board was filed May 25, 1931, but defendant made no application to take additional testimony until after the hearing on review, October 14, 1931. Defendant was not deprived of its day in court, instead it was dilatory in presenting its motion, did not do so in accordance with the practice prescribed by the rule, and this after having failed to attend the hearing on review. The order of the commission denying defendant's motion to take additional testimony and the award made herein are affirmed. Costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.